## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) CHARLES HOLMES, by Donett Holmes, Personal Representative, and (2) Donett Holmes, Individually, <br><br> Plaintiffs, <br><br> v. <br><br> (1) METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, <br><br> Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. CIV-15-549-HE |

### NOTICE OF REMOVAL

COMES NOW the Defendant Metropolitan Property and Casualty Insurance Company, and pursuant to 28 U.S.C. § 1446 and Fed. R. Civ. P. 81(c) states:

1. The above entitled suit was filed in the District Court of McClain County, State of Oklahoma as Case No. CJ-2015-34 on February 24, 2015. Defendant Metropolitan Property and Casualty Insurance Company first received notice of the suit on April 21, 2015 when a Summons and Plaintiff's Petition were received by The Corporation Company. In accordance with 28 U.S.C. §1446(a) and LCvR 81.2, a copy of the docket sheet and a copy of all documents filed or served in the McClain County case are attached to this Notice as Exhibit "1" through "8".

2. Plaintiffs Donett Holmes who brings this action as the Personal Representative of the estate of Charles Holmes, deceased, and individually, is a citizen and resident of

McClain County, State of Oklahoma.

3.     Defendant Metropolitan Property and Casualty Insurance Company is licensed to do business in the State of Oklahoma, incorporated in the State of Rhode Island and its principal place of business is in Rhode Island; therefore, Metropolitan Property and Casualty Insurance Company is deemed to be a Rhode Island citizen for purposes of diversity.

4.     Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332. Removal is proper pursuant to 28 U.S.C. §1441, et seq.

5.     In this case, Plaintiff brings a cause of action for breach of the duty of good faith arising from a motor vehicle accident against Metropolitan Property and Casualty Insurance Company.

6.     The prayer, which states only that actual damages in excess of $10,000.00 plus punitive damages are sought, fails to comply with 12 O.S. §2012(A)(2) in that it fails to state whether the amount sought exceeds the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code. Nevertheless, the body of the Petition clearly alleges damages exceeding $75,000.00.

Allegations of both actual and punitive damages are to be considered and aggregated in determining whether the amount in controversy requirement has been satisfied. Burrell v. Burrell, 229 F.3d 1162, *2-*3 (10th Cir. 2000)(unpublished opinion), citing Bell v. Preferred Life Assur. Soc'y., 320 U.S. 238, 240 (1943)(("[w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining

jurisdictional amount"); Watson v. Blankinship, 20 F.3d 383, 386 (10th Cir. 1994). The aggregate of the actual and punitive damages sought in this action exceeds the minimum required jurisdictional amount.

Plaintiff's "Petition for Bad Faith" alleges that plaintiff seeks actual damages allegedly sustained by both Charles Holmes, now deceased, and Donett Holmes. The Petition alleges that Donett Holmes as the personal representative of the estate of Charles Holmes, deceased, seeks damages for Mr. Holmes' "increased depression, anxiety, suffering loss of quality of his life...leading to his death," and other losses. Donett Holmes, individually, seeks damages for continuing financial loss of Charles Holmes' earning capacity which was allegedly $38,568.00 for the year 2012. In addition, plaintiff seeks third tier punitive damages.

Title 23, Oklahoma Statutes §9.1 provides for three categories of punitive damage limits. In the first category, the lowest level of punitive damages, upon a finding by clear and convincing evidence that "[a]n insurer has recklessly disregarded its duty to deal fairly and act in good faith with its insured" the jury may award the greater of $100,000.00 or the amount of actual damages awarded. Okla. Stat. tit. 23 §9.1(B). As such, seeking punitive damages establishes, on the face of the Petition, an amount in controversy of $100,000.00, at the least, which exceeds the amount required for diversity jurisdiction.

The allegations of Plaintiff's Petition establish that the amount in controversy exceeds the amount required for diversity jurisdiction. 28 U.S.C. § 1446(c)(2).

7.      Pursuant to 28 U.S.C. § 1332(a)(1), this Court has jurisdiction because of the complete diversity of citizenship of the parties and there is a sufficient amount in controversy.

8.      Pursuant to 28 U.S.C. § 1446(a), Defendant acknowledges that this Notice of Removal is signed and filed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, Metropolitan Property and Casualty Insurance Company requests this Notice of Removal be accepted by this Court and that the lawsuit proceed as an action properly removed to this Court's jurisdiction.

Respectfully submitted,

WILSON, CAIN & ACQUAVIVA
300 Northwest 13th Street, Suite 100
Oklahoma City, Oklahoma 73103
405/236-2600; FAX 405/236-2607

*s/Barbara K. Buratti*
Tim D. Cain, OBA #11779
Barbara K. Buratti, OBA #12231
***Attorneys for Defendant***
***Metropolitan Property and Casualty Insurance Company***

## CERTIFICATE OF SERVICE

__X__ I hereby certify that on May 20, 2015, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Laurence K. Donahoe
LKDLAW, P.C.
P.O. Box 31375
Edmond, OK 73003-0023
*Attorney for Plaintiff*

                                                *s/Barbara K. Buratti*
                                                Barbara K. Buratti