FILED IN DISTRICT COURT
McClain County, Oklahoma

FEB 24 2015

Lynda Baker, Court Clerk

by _____, Deputy

IN THE DISTRICT COURT OF McCLAIN COUNTY
STATE OF OKLAHOMA

CHARLES HOLMES, by Donett Holmes, )
Personal Representative, and )
Donett Holmes, Individually )
)
Plaintiffs, )
)
vs. )
)
METROPOLITAN PROPERTY AND )
CASUALTY INSURANCE COMPANY, )
)
Defendants. )

Case No. CJ-15-34

Judge: Virgin

**JURY TRIAL DEMANDED**
Attorney's Lien Claimed

## PETITION FOR BAD FAITH

CHARLES HOLMES, deceased, by Donett Holmes, Personal Representative, and Donett Holmes, individually, by and through her Counsel, LKDLAW, P.C. by Laurence K. Donahoe, allege and state as follows:

### Introduction

1. Charles Holmes, deceased ("Charles"), and Donett Holmes ("Donett") were husband and wife and residents of McClain County Oklahoma residing at 1731 S. MacArthur, Blanchard, McClain County, Oklahoma.

2. The Defendant, Metropolitan Property and Casualty Insurance Company ("Metropolitan") is licensed and authorized to conduct business in the State of Oklahoma.

3. In 2010 Charles and Donett were insureds under a policy of automobile insurance entered into in McClain County Oklahoma which policy of insurance was issued by Metropolitan, policy number 9774649970.

EXHIBIT
2

4. Throughout the life of the policy Charles and Donett faithfully paid the premiums as required under the terms of the automobile insurance policy

5. Under the applicable Metropolitan policy Declaration of Coverages, Charles and Donett had Uninsured Motorist (UM) coverage with a policy limit of $100,000 per person.

6. On December 10, 2010 both Charles and Donett were involved in an automobile accident.

7. Thereafter Charles and Donett increased the amount of their UM coverage to $250,000 per person.

8. On April 11, 2011, Charles was in a second accident.

9. Charles and Donett had a reasonable expectation under the terms of their policy of Insurance with Metropolitan that they would be treated respectfully and fairly and in good faith and receive the benefit of their automobile insurance contract and the UM benefits for which they paid their premium.

10. For almost two (2) years Charles and Donett Holmes sent copies of their medical bills and records to Metropolitan asking Metropolitan to evaluate and adjust their claims. Charles and Donett also had telephone conversations with Ms Anniece Washington of Metropolitan with respect to their medical bills, treatment and claims.

11. During those two years at no time did Metropolitan communicate to Charles and Donett any evaluation of their claims or discuss any possibility of settling their claims.

12. Charles and Donett were referred to Counsel, Laurence K. Donahoe, who was retained to represent their interests in both accidents.

13. Litigation was filed on December 5, 2012 in Oklahoma County, Holmes v. Pollard, case # CJ-2012-7600. Metropolitan intervened in this case which is still pending.

14. Litigation was filed on April 10, 2013 in Oklahoma County, Holmes v. Payne and Metropolitan Property and Casualty Insurance Company, as a direct named Defendant, case # CJ-2013-5152. Farmers Insurance Group, insurance carrier for Payne evaluated Charles' claims in the second accident and tendered their policy limits of $25,000 on or about May 6, 2013.

15. Subsequently on June 22, 2013 an Offer of Settlement in the Payne case with 160 pages of supporting documents was transmitted to Ms. Anniece Washington at Metropolitan and to Chris Harper, attorney for Metropolitan.

16. Metropolitan nor their attorney ever acknowledged receiving the Offer of Settlement or conveyed any analysis of their assessment of the claims or made any counter offer.

17. For over 3 and ½ years Metropolitan and their attorney communicated nothing toward their evaluation of the claims or reaching any resolution of the claims or even discussed their insured's claims.

18. Charles Holmes date of birth is October 5, 1949.

19. According to the 2013 Actuarial and Mortality Tables, Charles Holmes had a life expectancy of an additional 21 years.

20. Charles Holmes died on July 17, 2013.

### Claims of Bad Faith

21. The Defendant, Metropolitan Property and Casualty Insurance Company, had a duty to deal fairly and act in good faith with its insureds, Charles and Donett.

22. The Defendant, Metropolitan Property and Casualty Insurance Company, acted

intentionally and with malice and breached its duty to deal fairly and act in good faith with its insureds in conduct that was life threatening to humans and which was a significant factor in the death of Charles Holmes.

23. Plaintiffs set forth the following examples as evidence of the intentional and malicious acts:

   a. In Metropolitan's Answer filed in the Payne case on June 13, 2013, the Defendant made assertions of affirmative defenses denying the nature and extent of Charles' injuries and damages which to a layman caused Charles extreme mental anguish.

   b. Plaintiffs provided the Defendant a HIPPA Authorization on July 10, 2013 and the Defendant had the capacity to obtain all medical records and billing from all medical providers to independently examine and calculate the nature and extent of the Plaintiff's injuries, treatment and costs billed by the medical providers.

   c. At a Mediation conference in the Pollard case on October 17, 2014 Metropolitan nor their attorney would not even discuss Charles' claims.

   d. Metropolitan failed to even discuss with Charles or Donett or their attorney the amount of medical claims and damages for over 36 months.

   e. On February 12, 2015 Metropolitan's attorney attempted to force a settlement that tried to tie separate claims together and force a settlement for substantially less than the submitted billing warranted.

   f. Metropolitan failed to give any rational or explanation for offers of settlement substantially less that policy limits or in relation to documented medical procedures performed and medical billing provided.

### Damages

24. Consequences arising from the intentional and malicious acts of Metropolitan to Charles Holmes were devastating causing mental pain and anguish as evidenced by increased depression, anxiety, suffering loss of quality of life during the remainder of his life leading to his

death and resulting loss of consortium, pecuniary loss and grief to Donett Holmes, the surviving spouse for which the Estate of Charles Holmes and Donett Holmes should be fairly and justly compensated.

25. Donett Holmes also has a result of the acts of Metropolitan has suffered continuing financial losses of Charles Holmes earning capacity as follows:

    a.    Social Security in the sum of $ 19,391 in 2012

    b.    Oklahoma Teachers Retirement in the annual sum of $ 19,177 in 2012.

**Punitive Damages**

26. The acts of Metropolitan are so egregious and in such disregard for the rights of their own insureds and the Metropolitan's lack of attempt to reach any resolution of sums due and owing to their insureds for benefits under the policy of insurance for which premiums were paid caused a loss of human life and Metropolitan should be required to pay damages in a punitive sum without regard to any statutory limitations on the jury.

**WHEREFORE**, based on the reasons as set forth above, Plaintiff respectfully requests that this Court grant judgment to Charles and Donett against Metropolitan for damages in excess of $10,000 plus punitive damages as a jury may determine and for such other and further relief as may be just and proper.

Respectfully Submitted,
LKDLAW, P.C.

*/s/ Laurence K. Donahoe*
Laurence K. Donahoe, OBA #2414
P.O. Box 31375
Edmond, OK 73003
Telephone (405) 282-1225
Facsimile (405) 282-1298
Email: lkdlaw@me.com
Attorney for Plaintiff