# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

CHARLES HOLMES, ET AL., )
)
        Plaintiffs, )
)
vs. ) NO. CIV-15-0549-HE
)
METROPOLITAN PROPERTY AND )
CASUALTY INSURANCE COMPANY, )
)
        Defendant. )

## ORDER

Plaintiff Donett Holmes, individually and as personal representative of the estate of her late husband, Charles Holmes, filed this case in Oklahoma state court against defendant Metropolitan Property and Casualty Insurance Company ("Metropolitan"). The petition was titled "Petition for Bad Faith". Although it is not altogether clear, the petition apparently asserts bad faith claims on behalf of both plaintiffs arising out of two separate traffic accidents. Metropolitan removed the case to this court, filed an answer, and has now filed a motion for judgment on the pleadings. Also pending is plaintiff's motion for leave to file an amended complaint.

When analyzing a motion for judgment on the pleadings under Fed.R.Civ.P. 12(c), the court accepts all well-pleaded factual allegations in the pleadings as true and construes them in favor of the non-moving party. Nelson v. State Farm Mut. Auto. Ins. Co., 419 F.3d 1117, 1119 (10th Cir. 2005). "Judgment on the pleadings is appropriate only when the moving party has clearly established that no material issue of fact remains to be resolved and [that] the party is entitled to judgment as a matter of law." Sanders v. Mountain America

Federal Credit Union, 689 F.3d 1138, 1141 (10th Cir. 2012) (internal quotation omitted). In resolving the motion, a court considers the pleadings and any facts of which the court can take judicial notice. Swepi, LP v. Mora County, N.M., 81 F.Supp.3d 1075, 1124 (D. New Mexico, 2015).

The circumstances of this case are somewhat unusual. According to the parties' submissions, Metropolitan was the automotive insurance carrier for Mr. and Mrs. Holmes at the times pertinent to the case. Mr. and Mrs. Holmes were involved in an auto collision with an under-insured motorist on December 6, 2010 (the "Pollard accident") . They pursued claims with Metropolitan based on their UIM coverage under the policy. Then, on April 11, 2011, Mr. Holmes was involved in a second accident with another under-insured motorist (the "Payne accident"). He apparently pursued a claim with Metropolitan, based on his UIM coverage, for that accident.

On December 5, 2012, Mr. and Mrs. Holmes filed suit in Oklahoma state court against the tortfeasor in the Pollard accident, to recover for injuries arising from the December 6, 2010, collision. Metropolitan intervened as a defendant/cross-petitioner in that case. On December 4, 2014, Mrs. Holmes dismissed her own claims against Metropolitan with prejudice, "for any cause of action in the future arising out of the accident on December 6, 2010." [Doc. #13-3]. The parties' submissions indicate the claims of Mr. Holmes are still pending and unresolved.

On April 10, 2013, Mr. Holmes filed suit in state court against the alleged tortfeasor in the Payne accident and against Metropolitan, to recover for injuries arising from the April

2

2011 collision. Metropolitan filed an offer to confess judgment. After various offers and counteroffers, Mr. Holmes ultimately accepted Metropolitan's offer to confess judgment [Doc. #13-9], which applied to "any and all claims, and bodily injury, inclusive of costs, and attorney's fees." [Doc. #13-8].

Several months later, Mr. Holmes died, and his claims are pursued here by Mrs. Holmes as personal representative of his estate.[1]

As noted above, the claims asserted here by Mr. and Mrs. Holmes are for bad faith breach of contract. The petition's description of the alleged bad faith conduct is thin,[2] but at least complains of Metropolitan's failure to discuss plaintiff's claims with them for 36 months. Plaintiffs' responses to the pending motion identify a number of other actions of defendant, not mentioned in the petition, which they say constitute bad faith conduct. However, the responses do not dispute the nature of the pleadings filed in the state court suits, hence judicial notice is appropriate as to those documents.

The court concludes Metropolitan's motion should be granted in part, and denied in part, for the reasons which follow.

---

[1]*As Mrs. Holmes asserts claims of her own, and to avoid confusion of the claims, this order refers to the claims of the estate as being those of Mr. Holmes.*

[2]*Some of the facts alleged refer to positions taken by defendant in the litigation, rather than in the claims handling process, or do not otherwise support an inference of bad faith. However, those circumstances do not impact the disposition of the present motion.*

Claim of Mr. Holmes—Payne accident/claim.

As noted above, the state court pleadings clearly reflect that Mr. Holmes accepted an offer of judgment from Metropolitan which explicitly embraced "any and all claims" he had against it arising from the Payne accident.³ As such, he has released by his agreement any claim for bad faith that he had. Moreover, that case having been resolved by judgment, Mr. Holmes is precluded by principles of *res judicata* from asserting here "not only the adjudicated claim, but also any theories or issues that were actually decided, or could have been decided, in that action." Depuy v. Hoeme, 775 P.2d 1339, 1343, n. 23 (Okla. 1989). Thus, even in the absence of an explicit release of all claims such as Mr. Holmes gave, he would be barred from asserting here a claim that was available to him before and which arose from the same circumstances. The motion will be granted as to Mr. Holmes' present claim arising out of the Payne accident.

Claim of Mrs. Holmes—Payne accident/claim

It is unclear whether Mrs. Holmes is seeking to assert claims in her individual capacity arising out of the Payne accident. However, the pleadings make clear that only Mr. Holmes—not Mrs. Holmes—was involved in that accident. Since she was not involved in it, Mrs. Holmes does not have a bad faith claim against Metropolitan based on its handling of her husband's claim. A party seeking to prove bad faith breach under first-party coverage

---

³*Plaintiff argues that Metropolitan was in the lawsuit for some purpose other than resolving the claims against Mr. Holmes, but the confession of judgment was plainly directed to claims that he had against Metropolitan.*

4

must first prove that the party "was entitled to coverage under the insurance policy at issue." Ball v. Wilshire Ins. Co., 221 P.3d 717, 724 (Okla. 2009). The pleadings do not allege any basis for concluding that Mrs. Holmes is entitled to UIM coverage for an accident in which she was not involved.[4] To the extent that Mrs. Holmes asserts here her own bad faith claim arising from the Payne accident and claim, defendant's motion is granted.

Claim of Mr. Holmes—Pollard accident/claim

Mr. Holmes asserts a bad faith claim here based on Metropolitan's handling of his claim arising from the Pollard accident in December 2010, in which both he and Mrs. Holmes were involved. The parties' submissions indicate that the state court case originally filed by Mr. and Mrs. Holmes is still pending and that Metropolitan has intervened as a party in that case. Plaintiff insists that Mr. Holmes has never asserted a bad faith claim in that case, and appears to claim Mr. Holmes has not asserted even a UIM claim there. Metropolitan says otherwise, and indicates Mr. Holmes is seeking UIM benefits in that case. While it seems implausible that Metropolitan would have intervened as a party in the pending state case <u>without</u> Mr. Holmes' UIM claim being before the state court,[5] the state of the

---

[4]*The absence of Mrs. Holmes as a party plaintiff in the state court case also suggests that she does not pursue coverage under the insurance contract.*

[5]*And if a UIM claim <u>is</u> pending there, Metropolitan's concern with plaintiff improperly splitting his cause of action appears to have considerable force. As defendant notes, Oklahoma appears to view the contract claim and any bad faith claim arising from the same incident as being alternate legal theories but technically part of the same, single cause of action. See Taylor v. State Farm Fire and Cas. Co., 981 P.2d 1253 (Okla. 1999). Hence it would be improper to pursue part of the claim in state court and part of it here. Prudential considerations may also lead to the same result.*

5

pleadings in this case (or of matters called to the court's attention of which it might take judicial notice) do not <u>clearly</u> so indicate.⁶ As a result, granting a judgment of dismissal of the claim on that basis is premature.

Similarly, to the extent Metropolitan seeks a judgment on the pleadings based on the statute of limitations, the court concludes judgment on that basis is unwarranted. The petition's allegation of defendant not addressing plaintiffs' claims for 36 months may well be the basis for a successful limitations defense at some point, but, drawing all inferences from the petition in the light most favorable to the plaintiffs, the court cannot say that it is undisputed that the limitations defense necessarily prevails.⁷ Further, plaintiffs seek leave to amend to assert additional facts which they say will defeat the limitations defense. A determination that a party is entitled to judgment on the merits as a matter of law—the essence of a motion for judgment on the pleadings—will not ordinarily be warranted where a particular legal conclusion is based only on a pleading deficiency.

In any event, the motion will be denied as to the claim of Mr. Holmes based on the Pollard accident, recognizing that the pendency of the state case may yet lead to a dismissal of the claim here if the circumstances, as later developed, warrant.

---

⁶*They certainly <u>suggest</u> it, as Mrs. Holmes' settlement of her own claims rather clearly indicates. Similarly, the manner of settlement of Mr. Holmes' claims arising from the Payne accident indicates the same thing. However, the court is obliged to give the plaintiffs the benefit of the doubt in the present procedural context.*

⁷*An insurance company's prolonged refusal to deal with its insured no doubt causes a bad faith claim to accrue at some point, but it would not necessarily be the 24th month, or any particular month, after the claim was first made. At least based on the present pleadings, the court cannot identify with certainty when the cause of action would have accrued.*

Claim of Mrs. Holmes—Pollard accident/claim

The state court pleadings make clear that Mrs. Holmes has dismissed <u>with prejudice</u> all her claims arising out of the Pollard accident and Metropolitan's handling of the claim in connection with it. Exhibit 13-3 is a dismissal with prejudice in which Mrs. Holmes "dismisses her cause of action with prejudice against the Intervenor [Metropolitan]" and does so "for any cause of action in the future arising out of the accident on December 6, 2010." Under Oklahoma law, "the dismissal of a suit, on an agreement between the parties by which settlement is made, is a dismissal of the merits and a bar to further litigation between the parties." Empire Oil & Refining Co. v. Chapman, 70 P.2d 608, 609 (Okla. 1938) (internal citation omitted). The petition in this removed case does not even purport to state a basis for setting aside the dismissal that she agreed to; rather, it simply seeks to pursue a bad faith claim. That she cannot do in light of her own agreed, counseled dismissal.[8] Defendant's motion will be granted as to the bad faith claim of Mrs. Holmes arising from the Pollard accident.

Also pending is plaintiff's motion to amend her petition. Although some of plaintiff's proposed revisions appear to be a substantial reversal of what she originally alleged, the court concludes she should be permitted to amend insofar as she seeks to assert a claim in her

---

[8]*If a basis exists for setting aside her dismissal and release on the basis of fraud or some other theory, that relief may well be sought in an appropriate court. But no basis for such a conclusion has been alleged here and, based on the various underlying complaints of Mrs. Holmes as suggested in her response, none is apparent. For example, she relies on events allegedly happening in the course of the state lawsuit, rather than the claims handling process, and on events which occurred, and which were plainly known to her, prior to her execution of the dismissal.*

7

capacity as personal representative for Mr. Holmes in connection with the Pollard accident. She does not identify a plausible basis for avoiding the impact of her dismissal of her own claims, so leave to amend will be denied except as to the indicated claim of Mr. Holmes.

As noted above, Mr. Holmes's claim may yet be subject to dismissal upon an appropriate showing as to the matters actually in issue in the pending state case, but it is premature to reach that conclusion in the current procedural context.

Conclusion

Defendant's motion for judgment on the pleadings [Doc. #13] is **GRANTED IN PART** as follows: the claims of Mrs. Holmes as to both accidents, and the claim of Mr. Holmes arising from the Payne accident, are **DISMISSED** and leave to amend as to those claims is denied. The motion is **DENIED** as to the claim of Mr. Holmes arising out of the Pollard accident. Plaintiff's motion to amend [Doc. #23] is **GRANTED** as to the purported claim of Mr. Holmes arising from the Pollard accident, but otherwise **DENIED**. An amended complaint consistent with the above order may be filed within **ten (10) days**.

**IT IS SO ORDERED**.

Dated this 5th day of January, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE